## BOWMAN v. CLEMMER.

PRACTICE.—*Harmless Error.*—Where a breach of warranty was pleaded in answer to an action for the price of chattels sold, it was not error for which the cause could be reversed that a demurrer was sustained to another paragraph of answer setting up a breach of warranty and alleging other matters bearing upon the amount of damages in case a warranty should be proved, where it was evident that on the trial no warranty was shown by the evidence.

WARRANTY.—*Caveat Emptor.*—So far as an ascertained specific chattel already existing, which the buyer has inspected, is concerned, the rule of *caveat emptor* admits of no exception by implied warranty of quality.

MOTION FOR NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—Where a party was with witnesses at the time at which certain facts occurred and at which they came to the knowledge of such witnesses, reasonable diligence such as is required of a party seeking a new trial on the ground of newly-discovered evidence required that inquiry should be made by him before the first trial, to ascertain what they knew.

WARRANTY.—*Breach.*—To constitute a breach of warranty of the soundness of hogs sold, or to sustain an action for false representations, they must have been diseased at the time the warranty or the false representations were made.

SAME.—*Harmless Error.*—It is not an available error to exclude evidence which might affect the amount of damages that might be recovered if either fraud or warranty should be proved, where neither is proved.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy,* for appellant.

*J. Brown, J. M. Brown,* and *C. D. Morgan,* for appellee.

DOWNEY, J.—Suit by the appellee against the appellant. It is alleged in the complaint that the plaintiff sold and delivered to the defendant, on the 26th day of September, 1873, forty-two hogs, at four dollars per hundred pounds, and that the defendant agreed to execute and deliver to the plaintiff his promissory note for three hundred and twenty-eight dollars for said hogs, payable on the 25th day of December, 1873, but failed and refused to do so, or to pay said sum of three hundred and twenty-eight dollars, or any part thereof, and that said sum remains due and unpaid; wherefore, etc.

The defendant answered in four paragraphs. Demurrers

were filed to each of the paragraphs, sustained to the second and third, and overruled as to the first and fourth. A fifth paragraph of answer was afterward filed, which, on demurrer thereto, was adjudged good. Reply in denial.

There was a trial by jury, a verdict for the plaintiff for three hundred and twenty-eight dollars, motion for new trial overruled, and judgment for the amount of the verdict. Two errors are assigned:

1. Sustaining the demurrers to the second and third paragraphs of the answer.

2. Overruling the motion for a new trial.

The first paragraph of the answer set up an express warranty of the soundness of the hogs and a breach. The fourth alleged fraud in the sale of the hogs with reference to their soundness. The fifth set forth facts from which it is claimed there was an implied warranty of the soundness of the hogs. The second alleges an express warranty of the soundness of the hogs; that the defendant owned other hogs, which he intended to feed until January 1st, 1874; that, on account of alleged disease in the hogs so purchased, and as he had no other farm or place to keep his said hogs, and to prevent them from becoming diseased, he was compelled to ship and sell one hundred and fifty of them, in October; for which reason he obtained a less price for them than he would have obtained if he had kept them until the 1st of January, and also lost the increased weight he would have made by feeding them until that time. So far as this paragraph sets up a warranty and breach of it, it was unnecessary; for that defence was pleaded in the first paragraph of the answer. As the alleged damage from the sale of his other hogs by the defendant sooner than he intended, and the loss in the increase in the price and growth of the hogs until January, depended on the proof of the alleged warranty, and as it is evident that no warranty was shown by the evidence, the defendant was not harmed by the ruling of the court on the demurrer to the second paragraph of the answer. The verdict was for the whole amount of the plaintiff's claim.

In the third paragraph it is alleged, that at the time of the

purchase of said hogs by the defendant, he was engaged as a stock grower and dealer, and in buying and feeding hogs, and fattening them for the Cincinnati, Ohio, market; that he purchased said hogs for the sole purpose of feeding and fattening them on his farm in said county for said Cincinnati market, all of which the plaintiff well knew at the time he sold said hogs to the defendant; wherefore the defendant avers that, by implication of law, the plaintiff warranted said hogs to be reasonably fit for the purpose for which they were purchased; that the plaintiff has not kept his said warranty, but has broken the same, in this, that said hogs at the time of sale were not reasonably fit for the purpose of feeding and fattening on defendant's said farm, for the Cincinnati market; but, on the contrary, were diseased and affected with hog cholera, a fatal and infectious disease, whereby thirty of them died, and the balance of them became sick and diseased and greatly damaged; and that said disease was, without the fault or negligence of this defendant, before he discovered that they were so diseased, communicated to a lot of two hundred other hogs of the defendant, whereby they became sick and greatly damaged, and ten of them died and became wholly worthless; wherefore the defendant says, that by reason of the plaintiff's said breach of warranty he has been damaged in the manner and form aforesaid, in the sum of five hundred dollars, an equal amount of which he offers to recoup from the amount due the plaintiff, and demands judgment for the residue.

The question here is, do the facts alleged show an implied warranty of the soundness of the hogs sold? We think not. So far as an ascertained specific chattel, already existing, and which the buyer has inspected, is concerned, the rule of *caveat emptor* admits of no exception by implied warranty of quality. Benjamin Sales, 525.

The grounds of the motion for a new trial were the following:

1. The verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

2. The verdict of the jury is contrary to the evidence.

3. For newly-discovered evidence material for the defendant, which he could not with reasonable diligence have discovered and produced at the trial of said cause, as shown by the affidavits of the defendant, Emanuel R. Bowman, O. H. Bowman, and DeWitt C. Newby, attached hereto, marked A, and made part of this motion.

4. For error of law committed by the court in giving to the jury charges numbered four, five, six, seven, eight, nine, and ten, and in refusing to give to the jury charges numbered two, four, five, and six, asked by the defendant.

5. Refusing to allow Emanuel R. Bowman, the plaintiff, to answer how much his two hundred hogs gained in weight from the time they became afflicted with the disease until he sold them; and, second, what would be the ordinary gain of similar hogs, fed in the manner these were, and at the season of the year, and for the length of time these were fed.

The first and second grounds for a new trial call in question the sufficiency of the evidence. We have carefully read it, and cannot disturb the action of the jury.

The third reason for a new trial is alleged newly-discovered evidence, which can be given by O. H. Bowman and DeWitt C. Newby. It is claimed that they assisted in driving the hogs a part of the way from the scales where they were weighed to the field in which they were put on the defendant's farm; that on the way one of them appeared to be sick. As the defendant took possession of the hogs at the scales, and himself assisted in driving them to his field, we think reasonable diligence required him to make inquiry, before the trial, of those persons who assisted him, in order to ascertain what they knew about the condition of the hogs at that time. He does not show in his affidavit that he made any inquiry of these persons to ascertain what they knew.

New trials on account of newly-discovered evidence are never granted where, by the use of reasonable diligence, the newly-discovered evidence might have been obtained and used on the first trial of the cause. This is a familiar rule.

We have considered the instructions given by the court,

and are of the opinion that they are fully as favorable to the defendant as they ought to have been. We do not deem it necessary to copy them in this opinion.

The second instruction asked by the defendant was given, modified so as to read as follows ; the words in italics are the words inserted : " It is not necessary that the word warrant, *warranty, or any other particular phraseology*, should have been used in order to constitute a warranty. But any representations or statements made by the plaintiff to the defendant for the purpose of influencing him to buy the hogs, which were intended to be taken as an understanding that the hogs were sound and free from disease, and were so understood and relied upon by the defendant *as a warranty*, would constitute a warranty ; and if the hogs were unsound and diseased, he would have a right to recover the direct and actual damages sustained by him by reason of their being unsound ; and it would make no difference whether the plaintiff knew them to be unsound or not."

We think these modifications were entirely proper. The charge as given was correct.

The fourth charge asked by the defendant was given as modified. We think it should have been wholly refused. It is to the effect that if the plaintiff represented the hogs to be sound, etc., and they were diseased at the time of the trial, plaintiff was liable. They must have been diseased at the time the representations were made, to render the plaintiff liable.

The fifth charge asked is, in substance, the same as the fifth given by the court. After having given one, the court need not give the other. These charges were to the effect that there was an implied warranty of the soundness of the hogs, under circumstances the same, in substance, as those averred in the third paragraph of the answer, to which the court had sustained a demurrer.

The sixth charge refused is not materially different from the seventh given by the court. The court, in the seventh charge, told the jury that if they found that there was no war-

ranty, but that the plaintiff fraudulently represented the hogs to be sound, as alleged in the fourth paragraph of the answer, the measure of damages would be the difference in value between the hogs in their diseased condition and what they would have been worth had they been sound, as represented.

This charge was, in effect, that if the defendant had proved the fraud, as alleged in the fourth paragraph of his answer, he was entitled to recover therefor. We see no objection to this charge, and think it rendered the giving of the sixth, asked by the defendant, unnecessary.

The excluded evidence of the defendant had relation to the amount of damage sustained by the defendant on account of the fraud or warranty in the sale of the hogs. There could be no available error in excluding this evidence, for the reason that it is evident that neither fraud nor warranty was found by the jury, as appears from the fact that the jury found in favor of the plaintiff for the whole amount of his claim.

The judgment is affirmed, with costs.