The Ft. Wayne, Muncie and Cincinnati Railroad Co. *v.* Fhalor.

---

THE FT. WAYNE, MUNCIE AND CINCINNATI RAILROAD COMPANY *v.* FHALOR.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—A new trial will not be granted on account of newly-discovered evidence, when it is not shown

486 SUPREME COURT OF INDIANA.

The Ft. Wayne, Muncie and Cincinnati Railroad Co. *v.* Fhalor.

that reasonable diligence was used to obtain such evidence for the trial already had.

From the Wells Circuit Court.

*W. H. Coombs, W. H. H. Miller* and *R. C. Bell,* for appellant.

PETTIT, J.—The appellee sued the appellant to recover the value of a mare, killed by the engine and cars of the appellant, where the road was not fenced. Issue was formed by the general denial, and the case was submitted to and tried by the court, with a request to find the facts specially, which was done. A motion for a new trial was overruled, exception taken, and judgment on the finding for the plaintiff, for one hundred and fifty dollars, being the value of the mare found by the court.

The errors assigned are:

" 1. That the court erred in overruling defendant's demurrer to plaintiff's complaint.

" 2. That the court erred in overruling defendant's motion for a new trial.

" 3. That the court erred in overruling defendant's motion in arrest of judgment."

No objection to the complaint is referred to or pointed out in the brief of the appellant, or why the motion in arrest should have been sustained, nor are we able to see any reason why the demurrer or the motion in arrest should have been sustained.

The only question raised or pointed out in the brief of appellant, for a reversal, is as to the overruling of the motion for a new trial, and this is confined to one point, and that is as to newly-discovered evidence. To this point two affidavits were filed, the first of which was by a neighbor of the plaintiff, who swears that he knew the plaintiff and the animal killed, and that it was not worth the sum for which judgment was rendered, and that it was diseased and unsound at the time it was killed, and that he had not communicated these facts to the defendant or its agents before the trial.

This affidavit does not state that the appellant or its agents had asked or made any inquiry of him on this subject, and we do not think it, in the least, or in any manner, tends to show that proper or reasonable diligence had been used to discover this evidence.

The second affidavit is by Shaw, who says he is the stock agent of the company, "and, as such, is authorized to make this affidavit;" that, as such agent, it was his duty, in such case as this, to hunt up and make inquiry as to any defence, and that he did make inquiry, and found no evidence to help the defence. And he further, in substance, says, that the sworn value of the stock killed had been filed with him by the appraisers, and from it he believed the value was properly fixed. This affidavit does not show that reasonable or proper diligence was used to find the evidence before trial.

The evidence is in the record, and it fully justified the finding and judgment of the court below; and we think this case was brought here for delay and vexation only, the appellant's brief showing no reasonable grounds for its being here.

The judgment is affirmed, at the costs of the appellant, with ten per cent. damages.