Becker v. Denmure.

———————

No. 8530.

BECKER v. DENMURE.

SUPREME COURT.—*Evidence.—Verdict.*—When there is evidence, which, if credited, justifies the verdict, though this evidence is contradicted, the Supreme Court will not weigh the evidence, nor disturb the verdict.

From the Dearborn Circuit Court.

*W. S. Holman* and *J. A. Parks*, for appellant.

*H. D. McMullen* and *D. T. Downey*, for appellee.

MORRIS, C.—This suit was commenced before a justice of the peace of Dearborn county, to recover for work and labor alleged to have been performed by the appellee for the appellant. The appellee recovered before the justice, and the appellant appealed to the circuit court.

In the circuit court the appellant filed an answer to the complaint in three paragraphs:

1st. The general denial;

2d. Payment;

3d. That, on the 11th day of December, 1878, the appellant promised to pay the appellee $120 for the work specified in a written agreement filed with the answer; that the appel-

lee, in pursuance of said written agreement, had partially performed the work therein mentioned; that said written agreement contains all the contract the appellant ever made with the appellee, and that the appellant has, on his part, performed said agreement.

The agreement is as follows:

"I, the undersigned, agree to pay W. F. Denmure the sum of $120, for furnishing the labor for the decoration, or frescoing, of the following rooms at my private residence at Aurora, Ind., to wit: The two parlors and the dining-room; the ceilings shall be nicely decorated with test of flowers, leaves, scrolls, etc., and the walls shall be done in flat colors, with a drop border above and a rising border beneath, with a wainscoting, etc., as I may suggest; the hall shall likewise be laid out in panels and lines, corner pieces and such as I may call for. While respecting the harmony of colors and work, the decoration shall be done in the most workmanlike manner, subject to my order; and further, I agree to furnish all the materials for said work, and to pay to Mr. Denmure, at the end of each week, a small amount of money, according to my judgment, and the balance I will pay when the aforesaid work is completed. F. W. BECKER, M. D."

The appellee replied to the second and third paragraphs of the answer by a general denial. To the third paragraph he also replied specially, alleging that, after the making of the contract therein stated, the quality, quantity and style of the work was, by the agreement of the parties, changed and altered; that a new and different contract was made between them, by which the appellant required the appellee to perform different work from that specified in the written contract, and promised to pay him for the same what it was worth.

The cause was submitted to a jury, who returned a verdict for the appellee.

The appellant moved the court for a new trial, for the reason that the verdict was contrary to law, and not supported

Becker *v.* Denmure.

by sufficient evidence, and because the damages assessed are excessive.

The error assigned is that the court below erred in overruling the motion for a new trial.

The appellee testified that he was a fresco painter; that he knew what the work was worth; that the work done by him for the appellant was worth from three to four dollars per day; that he worked for the appellant ninety-seven and three-fourths days; that the appellant had paid him, at different times, $113, and that the balance was due and unpaid; that, at the first conversation he had with appellant in relation to the work, he proposed to make a sketch of the work to be done, and counted up what it would cost; that the cost of the work as proposed was $120; that the appellant was unwilling to stand the expense of a sketch; that he then sketched off on the wall what was to be done for the $120. The rooms to be decorated were two parlors and a dining-room, and certain work in the hall; that he worked off on the wall the particular style in which the rooms were to be finished. The decorations were to consist of test flowers, leaves and scroll-work; that, in order to have something to show for the money, he wrote out a memorandum of the work and gave it to the appellant to sign and return to him. . He went to work December 11th, 1878. The appellant did not return the memorandum, but when the trouble began the appellee went to appellant and told him that he wanted the paper, as it was of no use to him. He refused to give it to the appellee, but gave him a copy of it. The appellee worked from December 11th until the 14th, in preparing the walls for the reception of colors, and then began to work off, according to the memorandum. In looking over some sketches for different styles of work, the appellant saw a particular sketch which he said he fancied more than the plan which had been agreed upon, and asked that it be adopted. The appellee told him that its adoption would require a change of the plan in order to secure harmony, and that it would be much

more expensive. The appellant said he wanted the work done to suit him, and he would pay whatever it was worth. The appellee agreed to do the work as requested.

He further says, that he then sketched off the work according to the new plan, laying it out filled with double instead of single panels, and filling it with friezes instead of an empty panel along the border, and animal figures instead of scroll-work; that at each side of the room, according to the new plan, are places for human faces; these places were filled with selected human faces. On three several occasions, when told by the appellee that the work was costing more than the appellant expected, he promised to pay what it was worth. The work first agreed to be done would take forty-eight days; to do it on the new plan, as it was done, would require, and did take, ninety-seven and three-fourths days; there was more than twice the work on the new plan that there was on the first. As work was scarce, the appellee says he agreed to work for $2.50 per day. After the rooms had been finished, without finding any fault, the appellant ordered the appellee to leave, which he did. It would have taken a week to finish the work.

The appellee further testifies as follows: "The defendant never signed and gave me the memorandum set up in the answer, and I only went to get it, or a copy of it, after he had ordered me off, in order to show what the first contract really was."

A Mr. Ferris, an artist who worked for the appellee, and assisted in doing the work for the appellant, testifies that the work was done according to the directions of the appellant, and in accordance with the memorandum. In many respects his testimony is irreconcilable with that of the appellee. The appellant testified, and his testimony contradicts that of the appellee upon almost every point. He says he might have told the appellee, that, if the work was satisfactorily done, he would pay something more than the $120, but that he never

agreed to do so, nor did he at any time assent to any alteration of the agreement.

It is very clear, that, upon the testimony of the appellee alone, the verdict and judgment of the court below were right. He testified that he did the work; that it was worth at least $2.50 per day. He admits that he made a contract, not in writing, to do a certain amount of work for $120, but swears that the contract was afterward changed, and that more than double the amount of work first proposed was done under the new contract; that the memorandum of the first contract prepared by him was never executed by the appellant. And, as to this, he is corroborated by the appellant, who admits that he detained the memorandum and never delivered it to the appellee. Had there been no other testimony than that of the appellee, the verdict must have been for him, and for the amount found by the jury.

On the other hand, had there been no other testimony than that offered by the appellant, the verdict should have been in his favor. But it was for the jury to pass upon the conflicting evidence. They believed the appellee. This court can not weigh the conflicting evidence, nor, in such case, disturb the verdict. There was evidence legally tending to support the verdict. *Ghormley* v. *Young*, 71 Ind. 62; *Toney* v. *Toney*, 73 Ind. 34.

The damages are not excessive. The appellee testifies that the work occupied ninety-seven and three-fourths days at $2.50 per day; that he had been paid $113. The balance exceeded the amount found by the jury.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.