No. 8639.

## SUMAN ET AL. *v.* CORNELIUS.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.*—An application for a
new trial upon the ground of newly discovered evidence must show that
the applicant used diligence to procure and present the evidence upon
the trial, and that the evidence was of such a character as that it would
probably produce a different result upon another trial.

SAME.—*Evidence.—Practice.*—The insufficiency of the evidence to sustain a
finding and judgment can not be presented by a complaint for a new trial
filed after the close of the term at which the judgment was rendered.

From the Delaware Circuit Court.

*H. Craven, H. C. Ryan, B. Harrison, C. C. Hines* and *W.
H. H. Miller,* for appellants.

*T. J. Blount* and *C. B. Templer,* for appellee.

ELLIOTT, C. J.—The appellants' complaint seeks a new
trial. It was filed after the close of the term at which the
judgment was rendered. The court, after having heard the
evidence, decided against the appellants, and this decision
ought to be affirmed.

In applications for a new trial, upon the ground of newly
discovered evidence, the applicant must show that he used
diligence to procure and present the evidence upon the trial.
He can not take the chances of a trial, and, after an adverse
decision, vex his adversary and take up the time of the court
by a second trial, without showing that the absence of the evi-
dence was not owing to his want of care and vigilance. The
evidence in the case at bar satisfies us that the appellants did
not make use of proper diligence to discover and present
the evidence now relied upon as entitling them to a new trial.
*Reno* v. *Robertson,* 48 Ind. 106 ; *Bowman* v. *Clemmer,* 50 Ind.
10 ; *Arms* v. *Beitman,* 73 Ind. 85.

It is essential that the newly discovered evidence should be
of such a character as that it would probably produce a differ-
ent result in case a new trial should be granted. We have
looked carefully through the evidence given upon the first

trial, and through that adduced for and against the appellants' .application, and we think it clear that the newly discovered evidence would not have changed the result of the litigation.

It is suggested that, upon the evidence delivered on the first trial, the finding and judgment were erroneous. This is a .question which can not be presented by a complaint for a new trial filed after the close of the term. Such questions may be presented by a motion filed during the term, but not by an .application filed after the close of the term at which the judgment was rendered.

Judgment affirmed.