No. 9465.

## KENNEDY v. GRUELL.

PRACTICE.— *Parties as Witnesses.—Conflict of Testimony.—Supreme Court.— Verdict.*—In an action by one administrator against his co-administrator for a share of the allowance made for services, where the evidence is so conflicting that the jury must have believed one, as a witness for himself, and not the other, the Supreme Court can not interfere with the verdict.

SAME.—*Instruction.—Money Had and Received.*—Such an action is substantially an action for money had and received, and may be so treated in an instruction.

From the Rush Circuit Court.

*J. J. Spann, J. Q. Thomas* and *J. W. Study,* for appellant.
*W. A. Cullen* and *B. L. Smith,* for appellee.

BICKNELL, C. C.—The parties to this suit were co-administrators of an estate. The proper court allowed them $500 for their services.

Kennedy took the money and kept it, refusing to let Gruell have any of it. Gruell brought this suit to recover one-half of the money. The complaint was in two paragraphs. The first paragraph alleged that the defendant owed the plaintiff $250, as shown by a bill of particulars, as follows:
"Archibald M. Kennedy, Dr. to Benjamin Gruell, to
.  cash received from estate of Wm. Gruell . . . . . . $250."

The second paragraph stated, that the parties were co-administrators, and fully administered and settled as such, and that the proper court allowed them for their services $500;

that defendant retained of the assets of the estate said $500 so allowed, and a final settlement was made, and defendant still keeps the money, and will not pay the plaintiff any of it, although specially requested, etc.

The defendant answered in three paragraphs.

1. The general denial.

2. A set-off for $85 for work and labor by defendant for plaintiff in looking after, arranging and collecting $1,600.

3. That, when the parties were appointed administrators, it was agreed between them that the defendant should furnish the bond, and take charge of the real estate and other property of the deceased, and settle all the matters of said estate, and that said defendant, for such work and services, should receive all the fees which should be allowed by the court to both the parties jointly, and that plaintiff should have nothing; that defendant, in pursuance of said agreement, did all of said work and performed all the duties of said trust. Wherefore, etc.

To these special paragraphs of answer the plaintiff replied in denial.

The cause was tried by a jury, who found for the plaintiff $110. Judgment was rendered upon the verdict over a motion for a new trial by the defendant, and he appealed.

The counsel for the appellant, in their brief, say: "There were substantially but two reasons assigned for a new trial.

"1. That the verdict was not sustained by sufficient evidence.

"2. Error of the court in giving to the jury its instruction No. 3."

As to the first reason for a new trial, where the evidence is conflicting, to such an extent that the jury must necessarily have believed the principal witness on one side, and disbelieved the principal witness on the other side, this court can not interfere with the verdict. It has been repeatedly held that this court will not disturb a verdict on a mere preponderance of the evidence. *Becker* v. *Denmure,* 78 Ind. 147; *Cosby* v. *Anderson,* 74 Ind. 600; *Toney* v. *Toney,* 73 Ind. 34; *Ghormley* v. *Young,* 71 Ind. 62.

Kennedy *v.* Gruell.

It was proved that the parties were co-administrators, and had been allowed $500 for the services, and that the appellant had received and kept the money ; the appellant testified that there was an agreement as stated in his answer, and that he did all the work of the administration, and that the appellee did nothing. The appellant was corroborated to some extent by another witness. The appellee swore that there was no such agreement, and that he did part of the work of the administration, and he was corroborated by other testimony. The question of credibility was a question for the jury, and they believed the appellee. The first reason for a new trial was, therefore, without foundation.

As to the alleged error in the instruction No. 3, that instruction was as follows :

" If the evidence fails to show you that there was an agreement between the plaintiff and defendant, as set up in the third paragraph of the answer of defendant, or, if there was such an agreement, that it was not carried out by the defendant, and does show you that each of the parties performed services in the administration of the estate of William Gruell, deceased, then the plaintiff would be entitled to recover a sum bearing the same proportion to $500 (the sum admitted to have been received by the defendant) as the services performed by him bear to the whole amount of services performed in the settlement of said estate by both the parties."

The appellant claims that this instruction was not warranted by the issues or by the evidence, but as this was substantially an action for money had and received the instruction was right. There was no error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all thing affirmed, at the costs of the appellant.