Filed March 12, 1885.

---

No. 11,694.

TEST ET AL. *v.* LARSH ET AL.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.*—Where, upon a trial, the controversy turns upon the proof of payment, and the plaintiff, who has the burden and knows the defendant will probably dispute payment, calls but a single witness to prove it, without making any effort to obtain corroborating testimony, though one of his witnesses could have then testified to the newly discovered evidence, the plaintiff fails to show requisite diligence, and is not entitled to a new trial.

From the Wayne Circuit Court.

Test *et al.* *v.* Larsh *et al.*

W. D. *Foulke,* J. L. *Rupe* and C. H. *Burchenal,* for appellants.

W. A. *Bickle* and T. J. *Study,* for appellees.

Best, C.—This cause is here for the fourth time. On the 28th day of October, 1868, the appellants instituted this proceeding for the assessment of such damages as the appellees might sustain by the erection of a woollen-mill upon White Water river in Wayne county, in this State, and by the diversion of sufficient water from said river to operate said mill. A writ was issued, the application sustained, and the appellees' damages assessed at $30. Upon the return of the writ issues were formed, a trial had, the application again sustained, the same damages assessed, and judgment rendered accordingly. This judgment was reversed by this court. *Larsh* v. *Test,* 48 Ind. 130. After the cause was remanded the appellees filed an amended answer, to which the appellants filed a reply of two paragraphs. In both paragraphs they recited at length the proceedings which resulted in the assessment of the appellees' damages at $30, and averred that within one year thereafter, and before the appeal was taken to this court, the appellants paid the appellees the damages so assessed. A demurrer was sustained to each paragraph of this reply, the cause tried and judgment rendered for the appellees. This judgment was reversed by this court for the error in sustaining the demurrer to the reply. *Test* v. *Larsh,* 76 Ind. 452. After the cause was remanded, issue was taken upon the reply, the cause tried, and judgment again rendered for the appellees. This judgment, upon appeal, was affirmed by this court. *Test* v. *Larsh,* 98 Ind. 301. After the adjournment of the court at which this cause was last tried, the appellants filed a complaint for a new trial, on the ground of newly discovered evidence. This application was tried, a new trial denied, and from such ruling this appeal has been taken.

The appellants, upon the trial, did not attempt to support the reply by proof that the damages assessed had been paid

by them to the appellees, or either of them, personally, but by proof that they had paid them to the appellees' attorney, and that he had paid them to Leroy M. Larsh. The last proposition the appellees disputed, and this was the disputed question of fact.

In support of such payment the appellants called the appellees' former attorney, who testified that the appellants paid him the $30 on the 20th day of April, 1870; that on the same day, or within a day or two thereafter, Leroy M. Larsh called at his office, and that he informed him that the appellants had paid him the $30 ; that Larsh expressed surprise that he should have taken the money, and declared that he would not accept it if its acceptance would in any way affect the appellees' right to appeal; that he answered Larsh that its acceptance would not affect their rights, and then Larsh took $2 of the money, directed the witness to apply $8 upon a note, and the residue upon his fees, all of which was done.

In opposition to such payment the appellees called Leroy M. Larsh, who testified that he went to the office of their attorney about the time named, and was then informed by him that the appellants had paid him the $30; that he then informed such attorney that he had no authority to accept such money, and declared that he would not accept it; that he at once left the office without accepting said money, or any portion of it; that he never received $2 of such money, nor directed such attorney to apply any portion of it upon a note or upon his fees, nor receive it, or any portion of it, in any manner whatever.

This was all the testimony upon this disputed question of fact.

This cause was tried during the latter part of May, 1882, and on the 24th day of August thereafter the appellants filed their complaint for a new trial, alleging therein that they can prove by Luther M. Mering that Leroy M. Larsh admitted to him previous to the trial that he had received from their attorney the $30 damages, substantially as stated by him, and

that they had employed the requisite diligence to discover such testimony upon the trial, but did not learn of the same until the 26th day of June, 1882.

On the hearing of this motion Luther M. Mering was called, and testified that he had a conversation with Leroy M. Larsh in March, 1882, and that Larsh then stated to him that he had received from said attorney the $30 damages, substantially as stated by him. This is the newly discovered testimony.

Assuming that this testimony would probably change the result upon another trial, it was also necessary for the appellants to show that they employed reasonable diligence to discover it before the trial. This the appellees insist was not done. The reversal of the judgment for the error in sustaining the demurrer to the reply occurred several months before the trial. After this, and before the trial, the appellants called upon said attorney and inquired of him about the payment of the money, and was informed by him that he had paid the money to Leroy M. Larsh, as stated by him, and that he would so testify. This was all that was done. No effort was made to obtain any other evidence of such payment. No inquiry was made of any one as to any admissions of such payment by any of the appellees. Nothing was done. The excuse is that appellants did not suppose that Leroy M. Larsh would dispute such payment. Nothing appears to justify such supposition. The attitude of the parties and the pending issue would seem to indicate the contrary. Such excuse, therefore, can not relieve a party from the duty of exercising ordinary diligence. They also say that they had no reason to suspect that such admission had been made, and, therefore, had no reason to make any inquiry. In connection with this position it is proper to say that Luther M. Mering owned a mill near these parties; that he knew them well, saw the appellants frequently, talked with them about their suit occasionally, and was called and testified as a witness for them on the trial. In view of the fact that the burthen of the issue

was upon the appellants, and that they had no evidence that Leroy M. Larsh would not deny such payment, we think ordinary diligence required them to seek some evidence with which to corroborate the statements of their witness—at least to ascertain from their own witness all he knew in relation to the matters in dispute. Had any such inquiry been made, this testimony would have been discovered, and we think the circumstances of this case imposed the duty upon appellants to institute such inquiry, at least among their own witnesses, as this was probably the only method of obtaining any corroborating testimony. The omission to do so constitutes such want of diligence as precludes them from obtaining a new trial on the ground of newly discovered evidence. This conclusion is in harmony with several of our own cases. *Bowman* v. *Clemmer,* 50 Ind. 10; *Ft. Wayne, etc., R. R. Co.* v. *Fhalor,* 51 Ind. 485; *Toney* v. *Toney,* 73 Ind. 34; *Arms* v. *Beitman,* 73 Ind. 85; *Hines* v. *Driver, ante,* p. 315.

We are, therefore, of opinion that the finding of the court was right, and that the order in overruling the motion for a new trial should be affirmed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment of the court be affirmed, at the appellants' costs.

Filed March 12, 1885.