Du Souchet v. Dutcher.

No. 13,143.

Du Souchet v. Dutcher.

113 249
113 539
114 193
115 202
117 371
113 249
131 58
133 417
113 249
139 191
113 249
154 149

FRAUD AND MISTAKE.—Contract.—Rents.—Recovery of Money Paid.—A. and B., each conducting a separate business, agreed to occupy the same store-room, the rent demanded by the owner to be equally divided between them. A., acting under an arrangement with B., rented the room and represented to the latter that the rent was largely in excess of the true amount. B.; relying upon that representation, paid, and continued to pay for a term of years, to A., one-half of the sum so falsely represented to be the rental paid to the owner of the property. *Held,* that B. may recover the amount paid by him in excess of the actual rental.

SAME.—Principal and Agent.—False Representations of Agent.—Ratification.—False and fraudulent representations of an agent, when acting in the scope of his authority, bind the principal; so, also, if the agent, even without authority, makes false representations of a material character while acting in the principal's behalf, the latter will be bound if he afterwards ratifies the action of the agent and receives the benefit thereof.

NEW TRIAL.—Newly Discovered Evidence.—Diligence.—A party can not obtain a new trial on the ground of newly discovered evidence, where, by the exercise of reasonable diligence in making inquiries prior to the trial, such evidence could have been procured at the trial.

PLEADING.—Complaint.—Sufficiency.—Supreme Court.—When sufficient facts are stated in a complaint to render the judgment thereon a complete bar to another action for the same cause, such complaint is good when questioned for the first time by an assignment of error in the Supreme Court.

INSTRUCTIONS TO JURY.—Incomplete.—Remedy.—Practice.—To present any available question upon a merely incomplete instruction to the jury, the court should be requested to give a further instruction supplying the omitted matter, and an exception saved to the refusal to do so.

SUPREME COURT.— Transcript.—Certiorari.— Practice.—Where a paper belonging to the files of a cause in the trial court has been improperly or erroneously copied into the transcript, the original paper can only be brought into the Supreme Court, so as to authorize its consideration in the decision of any question, by a writ of *certiorari.*

From the Vanderburgh Superior Court.

*C. L. Wedding,* for appellant.

*W. M. Blakey* and *H. A. Mattison,* for appellee.

HOWK, J.—In this case the appellee, Hattie E. Dutcher, plaintiff below, alleged in her complaint that in 1881 the defendant, Sallie Du Souchet, proposed to plaintiff that she and defendant should rent and occupy together, for business purposes, the store No. —, on Main street, in the city of Evansville, plaintiff to use one side for a millinery store and defendant the other side for a cloak and dress store, each to have one-half the store with equal privileges, provided said store could be rented; that plaintiff, believing in defendant's honesty and good faith, made an arrangement with defendant that the latter should interview Mrs. Scantlin, the owner of said store, with a view to rent it, and ascertain the lowest cash rent for said premises and report to plaintiff; that defendant reported that said store could be rented for $100 per month, or $1,200 per year, and no less; that plaintiff, believing in and relying on defendant's honesty and the truthfulness of her statement in relation to the rental of said store, accepted said proposition to take said store, each to pay one-half of the rent thereof; that it was then and there further agreed between defendant and plaintiff, that defendant, with her family, should occupy the whole of the second story for her own use as a dwelling, and for such exclusive use of said second story should allow plaintiff a rebate of $100 per annum on her half of the rent of said store. So, in good faith, and with this understanding, the said store was rented by defendant and was occupied under this agreement, plaintiff paying monthly one-half of the rent, as she then supposed, to defendant, plaintiff relying solely on the representations of defendant that she was paying monthly to said Scantlin the sum of $100, or $1,200 per annum.

And plaintiff averred that under such agreement defendant, with intent to deceive, cheat and defraud the plaintiff, took from plaintiff $600 per annum, less the rebate for the sole use of the second story for herself and family, for two years, amounting in the two years to $1,200 paid by plaintiff to defendant less said rebate, which, as plaintiff supposed at

the time, was one-half of said rent according to agreement, when in truth and in fact, as plaintiff has since learned, the whole of said store-rent paid by defendant to said Scantlin was $65 per month, or $780 per annum; that, so believing and relying upon the false and fraudulent representations made as aforesaid by defendant to plaintiff, she, plaintiff, paid to defendant, who received from her fraudulently the sum of. $420 more than her just due, which defendant then had without right, and refused to refund the same, to plaintiff's damage, etc. Wherefore, etc.

Defendant answered by a general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for plaintiff assessing her damages in the sum of $350, and over defendant's motion for a new trial judgment was rendered on the verdict.

In this court defendant has assigned as error that plaintiff's complaint herein does not state facts sufficient to constitute a cause of action. Defendant did not demur to the complaint for the alleged insufficiency of the facts therein to constitute a cause of action, nor did she even move the court below in arrest of judgment thereon; but, after trial, verdict and judgment, with all their curative virtues, she complains here for the first time that the facts averred by plaintiff in her complaint, the substance of which we have heretofore given, are not sufficient to constitute a cause of action. Our code provides, in effect, that the defendant, by his failure to demur, shall not be deemed to have waived "the objection that the complaint does not state facts sufficient to constitute a cause of action." Section 343, R. S. 1881. This provision of the code, of course, authorizes the defendant to call in question here for the first time, as she has done, the sufficiency of the facts stated in plaintiff's complaint to constitute a cause of action. When, however, the sufficiency of the complaint is thus called in question, it has been uniformly held by this court that, after verdict and judgment thereon, the complaint will be supported by every legal intendment;

and that it must wholly omit the averment of material facts, essential to the existence of the cause of action attempted to be stated therein, to authorize or justify the reversal of the judgment on account of the alleged insufficiency of such complaint. *Donellan* v. *Hardy,* 57 Ind. 393; *Lassiter* v. *Jackman,* 88 Ind. 118; *Smith* v. *Smith,* 106 Ind. 43; *Becknell* v. *Becknell,* 110 Ind. 42; *Taylor* v. *Johnson, ante,* p. 164.

Applying this doctrine to the complaint we are now considering, we have no difficulty in reaching the conclusion that the facts therein stated are amply sufficient, after verdict and judgment thereon, when challenged, as they are, by defendant's assignment of error. Indeed, we think that it would have been error to have sustained a demurrer if one had been filed to such complaint upon the ground that the facts therein stated were not sufficient to constitute a cause of action. But, however that might have been, it is certain that sufficient facts were stated in such complaint to render the judgment thereon a complete bar to any other suit for the same cause of action. In such case, as we have often held, the complaint is sufficient when called in question here for the first time. *Donellan* v. *Hardy, supra; Field* v. *Burton,* 71 Ind. 380; *Beal* v. *State, ex rel.,* 77 Ind. 231.

The only other error assigned by appellant is predicated upon the overruling of his motion for a new trial. Under this error it is earnestly insisted by appellant's learned counsel that the verdict of the jury was not sustained by sufficient evidence.

Without following counsel in their discussion of this question, it will suffice to say that we can not disturb the verdict on the evidence. The jury found their verdict on conflicting evidence. With the parties as witnesses and the other evidence in the record before them, the jury manifestly believed the evidence offered by plaintiff in preference to that introduced by defendant, and returned their verdict in plaintiff's favor.

The learned judge of the court below who presided at the

trial, and saw and heard the proceedings then and there had, refused to disturb the verdict, and denied defendant's application for a new trial. We have carefully examined and considered all the evidence appearing in the record, as well for defendant as for the plaintiff, and it has seemed to us that the verdict is fairly sustained by such evidence on every material point. In such a case, as we have often decided, the verdict will not be disturbed here on the weight of the evidence. *Rudolph* v. *Lane*, 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Campbell* v. *Indianapolis, etc., R. R. Co.*, 110 Ind. 490.

The trial court, of its own motion, gave the jury seven written instructions, to the second, third, fourth and fifth of which instructions defendant at the time excepted, and she assigned the giving of such instructions as cause for a new trial, in her motion therefor. The second instruction reads as follows: "If the jury find that the defendant, either in person or by agent, falsely represented to plaintiff that she was paying $1,200 per year as rent for the store; that said representation was a material one that plaintiff had a right to rely upon, and did all the time rely thereon, in the exercise of reasonable care on her part; and that by reason of such reliance, and believing the representations to be true, she was deceived and thereby induced to pay to defendant certain sums of money, as plaintiff's proper share of rent, in excess of that which was rightfully due from her according to the facts as they existed, when, in truth, said defendant was not paying the amount of rent as aforesaid, to wit, $1,200, but a smaller amount, then the plaintiff may recover the excess of money so paid, under such mistake of fact."

We are of opinion that the instruction quoted contains a correct statement of the law, applicable alike to the issues joined and to the case made by the evidence herein. Indeed, defendant's counsel does not object to such instruction, as we understand his brief, on account of what it contains, but

rather on account of what is omitted therefrom. The remedy for such an objection to an instruction given is not an exception to such instruction, but, as we have often decided, a request to the court to give a further instruction, supplying what is claimed to have beem omitted; then if such request is refused by the court, by saving an exception to such refusal, the complaining party can properly present the question here whether such omitted matter ought, or ought not, to have been given to the jury.

Appellant's counsel also complains briefly of the fourth and fifth instructions. It is said by counsel that these instructions "state the rule entirely too broadly." In the fourth instruction, the jury were told that if defendant, in person or by agent, fraudulently represented to plaintiff that she, defendant, was paying a greater rent for the store than she was in fact paying, and the representation was a material one in the contract of lease between the parties, and operated to induce plaintiff to part with her money, and the representation was one which plaintiff, in the exercise of reasonable precaution, had a right to and did rely on, and she was thereby induced to pay defendant money which she was not entitled to, under the actual facts of the case, then the plaintiff ought to recover that part of the money so paid under the mistake aforesaid.

The trial court further told the jury, in its fifth instruction, that the false and fraudulent representations of an agent, when acting in the scope of his authority, bind the principal. If defendant's agent, even without her authority, made false representations of a material character, while acting in her behalf, she would be bound thereby if she afterwards ratified his action and received the benefit thereof.

These instructions stated the law correctly and none "too broadly," we think, as applied to the case under consideration. Kerr Fraud and Mistake, pp. 111 and 112.

Finally, it is contended, on behalf of defendant, that her

motion for a new trial ought to have been sustained, on the ground of newly discovered evidence. This cause for a new trial was apparently submitted below upon the affidavits filed therewith and the counter-affidavit of the plaintiff; and, as thus submitted, it is very clear, we think, that the court below correctly decided that defendant was not entitled to a new trial herein by reason or on account of the alleged newly discovered evidence. For it was shown by such counter-affidavit that the witnesses upon whose testimony defendant relied for her alleged newly discovered evidence were during all the time either members of her family or employees in her store; and it does not appear from defendant's affidavits that she exercised reasonable diligence by making inquiries, before the trial, of such witnesses to ascertain what they knew, if anything, in relation to the matters in controversy herein. *Bowman* v. *Clemmer*, 50 Ind. 10; *Suman* v. *Cornelius*, 78 Ind. 506; *Hines* v. *Driver*, 100 Ind. 315.

But it is claimed by defendant's counsel that the counter-affidavit was not made part of the bill of exceptions, and that, therefore, it is improperly copied into the record and can not be considered by this court. In support of this claim, counsel has filed with his reply-brief herein what he claims to be, and what purports to be, the original bill of exceptions herein, which belongs of right to the files of this cause in the court below. All that we need to say in regard to this original bill is, that it has not been brought here in such a manner as that we can consider it in determining any question involved in this appeal. To us the transcript of the record in any cause, certified by the clerk below under the seal of the court, "imports absolute verity." Where a party claims that any paper belonging to the files of a cause in the court below, by mistake or otherwise, has been improperly or erroneously copied into the transcript, such original paper can only be brought here in such manner as to authorize or require us to examine and consider the same,

in the decision of any question, by and through a writ of *certiorari.*

We have found no error in the record.

The judgment is affirmed, with costs.

Filed Feb. 7, 1888.