Carver *v.* Compton *et al.*

---

## CARVER *v.* COMPTON ET AL.

NEW TRIAL.—*Application after Term.*—*Parties.*—In an application for a new trial, made after the term at which the verdict was rendered, all persons should be parties that were parties to the original action.

SAME.—*Complaint.*—*Newly-Discovered Evidence.*—A complaint for a new trial, filed after the term at which the verdict was rendered, on account of newly-discovered evidence, which does not state what were the issues on the original trial, or set forth the evidence given on such former trial, or show that the new evidence was not known at the former trial, or might not then, with proper diligence, have been known, is bad on demurrer.

From the Grant Circuit Court.

*J. Brownlee, A. Steele* and *R. T. St. John,* for appellant.

*G. T. B. Carr,* for appellees.

PETTIT, J.—It is difficult to understand the record and brief of the appellant in this case; but we learn from the record, that at some former term of the court (whether one or more years before the complaint for a new trial in this case was filed, is not shown), the appellee Compton recovered a judgment in the same court against the appellant, William Carver, Robert D. Traster and Andrew Gimmel; that the appellant, Carver, one of the defendants in the original suit, at some time after the term at which the judgment was rendered (but how long after is not shown), filed a petition for a new trial in the original case, making Compton, the plaintiff in the original suit, and Traster, one of his co-defendants in the original suit, defendants to it, under section 356, 2 G. & H. 215.

There was a demurrer filed to the complaint for a new trial:

1. For want of sufficient facts.

2. For want of parties, because Traster and Gimmel were not made parties.

This demurrer was sustained, and we hold properly. It has not the proper parties to it; it does not set out the issues in the former or original trial, or the evidence given thereon. The application for a new trial was solely on account of newly-discovered evidence; but it does not show what the evidence on the former trial was, or that the new evidence was not, or might not have been, known and used on the former trial by proper inquiry and exertion; nor does the petition or application for a new trial show what the issues were on the former trial.

These points have been so often ruled upon in this court, that we need not cite the cases.

The judgment is affirmed, at the costs of the appellant.