Filed April 29, 1891.

---

No. 115.

## KEISLING v. READLE.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.*—A complaint for a new trial on the ground of newly discovered evidence must show that due diligence was used to procure and use the evidence at the trial, and that the evidence was of such a character as to make it highly probable that it would produce a different result if a new trial should be granted.

SAME.—*Facts Constituting Diligence Must be Set Out.*—The facts constituting diligence must be specifically set out in the complaint, and it then becomes a question for the court whether due diligence was exercised.

SAME.—*Making Inquiries for Evidence.*—Where the diligence used is alleged to have consisted in making inquiries, the time, place and circumstances must be stated.

From the Rush Circuit Court.

*D. S. Morgan* and *D. Morris*, for appellant.

*W. A. Cullen*, for appellee.

NEW, J.—The complaint of the appellant is for a new trial on account of evidence alleged to have been discovered after the close of the term.

The original action was by the appellee against the appellant for materials claimed by the appellee to have been furnished by him and used in the construction of the appellant's dwelling. The appellee had judgment for fifty dollars and costs.

The sustaining of a demurrer to the complaint is assigned

as error by the appellant. This is the only question presented by the record.

In the original suit there was evidence tending to prove that the material in dispute, to wit, doors and window glass, was purchased from the appellee, not by the contractor, but by the appellant, and by him hauled from the appellee's place of business to the dwelling which was then being built for the appellant.

It is alleged in the complaint that in said original suit it became material whether the appellant had promised the appellee that he would pay him for certain doors and window glass used by the contractor, Robert Perry, in the erection of said dwelling for the appellant; that he has discovered since the close of the term at which said trial was had, that " one Charles Miller, a competent witness, whose testimony can be obtained in a reasonable time, knows and will testify that he, the said Charles, was at the farm of plaintiff when the doors and window glass were brought out from the city of Rushville by the contractor, Robert Perry, and that this plaintiff did not haul any of the material for said dwelling."

It is further averred in the complaint that since the close of the term at which said trial was had he has discovered that " one John Mock, a competent witness, knows and will testify, and whose testimony can be procured in a reasonable time, that the doors and window glass were not hauled out to the said dwelling-house by the plaintiff, but by some one who was employed in the building of the house, but whose name he did not know, he being a stranger to the workmen employed in the construction of the house."

The affidavits of Miller and Mock accompany the complaint, and are as exhibits incorporated into it, by proper reference thereto.

The evidence given in the original suit is also set out in the complaint.

VOL. 1.—16

It is further averred in the complaint that Miller and Mock had quit appellant's employment and neighborhood long before the trial of said cause ; that the appellant " did not know that they knew of the facts set forth in their affidavits, and could not ascertain that they knew such facts before the trial of said cause, nor during the term of court at which said cause was tried, although he made inquiry after he had been served with process, and before the former trial of said cause, in his neighborhood, of all such persons as he had any reason to believe had personal knowledge of any facts which would aid his defence to said action, or who knew of any person or persons who did possess knowledge of such facts, and did not ascertain such facts until long after the expiration of the term of court at which the trial was had, and for this reason could not have said parties at the trial to testify in his behalf."

Is it shown by the complaint that the appellant used due diligence to procure the testimony of Miller and Mock, and that it could not be discovered before or during the term of the court when the trial was had ? If not, then the complaint would be fatally defective. *Suman* v. *Cornelius*, 78 Ind. 506 ; *Du Souchet* v. *Dutcher*, 113 Ind. 249 ; *Cook* v. *Hare*, 49 Ind. 268.

The facts constituting the diligence must be specifically set out in the complaint. When this is done it becomes a question for the court whether the alleged newly discovered evidence might, with reasonable diligence, have been ascertained before or during the term when the cause was tried. *Allen* v. *Bond*, 112 Ind. 523.

The strong presumption is that by proper effort the party might have discovered the evidence and used it on the trial, and that his not having done so is owing either to intentional omission or to unpardonable neglect. To rebut this presumption he must make out a case free from delinquency. His excuse must be so broad as to dissipate all surmise to the contrary. He must show that he was on the alert, but that,

notwithstanding, the evidence eluded him.  3 Graham & Waterman New Trials, 1026.

It appears from the complaint, and the affidavits of Miller and Mock, that both of these persons were in the employment of the appellant on the farm where the dwelling was being erected, and to some extent assisted in and about the work being done on said house; one of them, at least, being in the employment of the appellant on that farm until the house was completed.

With ordinary thoughtfulness it should have occurred to the appellant that Miller and Mock might know something which would be material to his defence.  If, after he was served with process, he made inquiry in his neighborhood of all such persons as he had reason to believe had personal knowledge of facts which would aid his defence, why would he make no effort whatever to ascertain where Miller and Mock were, and what they knew?  So far as appears from the complaint no effort was made by the appellant to learn what, if any thing, could be proven by Miller and Mock of benefit to him.  *Bowman* v. *Clemmer,* 50 Ind. 10, is a case very much in point.

The only diligence, if it can be called such, shown by the complaint, was by way of inquiry in appellant's neighborhood " of such persons as he had any reason to believe had personal knowledge of any facts which would aid his defence to said action, or who knew of any person or persons who did possess knowledge of such facts."

This is not enough.  Where the diligence used is alleged to have consisted in making inquiries, the time, place and circumstances must be stated.  *Hines* v. *Driver,* 100 Ind. 315.

As to the necessity of making the inquiries, and their character, it is said in *Toney* v. *Toney,* 73 Ind. 34, that " The general statements of the appellant in his affidavit, that he had been diligent in making inquiries of such as he deemed likely to know any thing in relation to the case, are not sufficient

to overcome the manifest presumptions against him, arising out of the suggestions above mentioned."

In the case of *Smith* v. *Williams,* 11 Kan. 104, the court says: "All the evidence of diligence presented is the mere allegation in the affidavit that the party made inquiry of every person he thought might know any thing about the case, and failed to obtain this evidence, and that he has used due diligence. This is virtually swearing to a conclusion."

In addition to the failure to show by proper averments in the complaint that due diligence was used to procure the testimony of Miller and Mock, is the fact that the newly discovered evidence is not of such decisive and controlling character as to make it highly probable that it would produce a different result if a new trial should be granted.

The utility of granting the motion will be weighed, and if there is not a strong probability that the party has something to gain by the use of his newly discovered evidence a new trial will be denied. 3 Graham & Waterman New Trials, 1093; *Hines* v. *Driver, supra.*

Whether the evidence of Miller and Mock would be merely cumulative we do not find it necessary to decide.

Judgment affirmed, with costs.

Filed April 29, 1891.