East *et al. v.* McKee.

Filed December 10, 1895.

---

No. 1,691.

## East et al. *v.* McKee.

New Trial.—*Newly Discovered Evidence.—Diligence.*—A new trial on the ground of newly discovered evidence is properly refused for lack of diligence in discovering the same, where the person whose evidence is alleged to have been newly discovered was the only other person in a store at the time of an alleged settlement, which the applicant for new trial seeks to establish, although he did not know that such person was within hearing distance.

Same.—*After Term.—Complaint, Essentials Of.*—The complaint in an application for new trial on the ground of newly discovered evidence should set forth, not only the issues and the evidence given on the trial, but also an affidavit of the person whose evidence is alleged to have been newly discovered, with a statement of the facts to which he will testify.

East *et al.* v. McKee.

SAME.—*After Term.*—*Complaint, Verification.*—The complaint in an application for a new trial after the term, on the ground of newly discovered evidence, should be verified, although the statute does not expressly provide therefor.

SAME.—*After Term.*—*Complaint.*—*Parties.*—All persons who are parties to the original action and in any way affected by the judgment therein, should be made parties to an application for a new trial after the term, on the ground of newly discovered evidence.

From the Greene Circuit Court.

*E. Short* and *Slinkard & Hendren*, for appellants.

*H. C. Shaw* and *Davis & Moffett*, for appellee.

Ross, J.—The appellants filed their complaint in the court below for a new trial on account of newly discovered evidence. A demurrer for want of facts was sustained to the complaint, and the correctness of this ruling of the court below presents the only question on this appeal.

Before considering the sufficiency of the facts alleged to constitute a cause of action, it may be well to advert to the rules governing actions of this character.

An application for a new trial after term, except as provided by section 563, R. S. 1881 (section 572, Burns R. S. 1894), is an independent proceeding and the complaint, therefore, must affirmatively show by proper allegations, a cause for a new trial governed by the rules applicable to such proceedings. *Sanders, Admx.,* v. *Loy,* 45 Ind. 229 ; *Hiatt* v. *Ballinger,* 59 Ind. 303 ; *Kitch* v. *Oatis,* 79 Ind. 96 ; *Hines* v. *Driver,* 100 Ind. 315, and cases cited.

If the facts pleaded do not state a cause for which a new trial should be granted, a demurrer thereto for want of sufficient facts should be sustained.

All persons who were parties to the original action, if in any way affected by the judgment rendered therein

should be made parties to the application. *Carver* v. *Compton*, 51 Ind. 451.

When the application is based upon newly discovered evidence, the complaint should set forth not only the issues and the evidence given on the trial of the cause, but also an affidavit of the person whose evidence is alleged to have been newly discovered, with a statement of the facts to which such person, if called as a witness, will testify. This evidence and the affidavit need not be embodied in the complaint, but are made parts thereof by exhibits filed therewith, when the instruments containing them and filed as exhibits, have been properly pleaded. *Hines* v. *Driver, supra.*

The statute, section 563, R. S. 1881 (section 572, Burns R. S. 1894), requires that applications for a new trial for causes discovered after the term at which the verdict or decision was rendered shall be made not later than the second term after the discovery, and at no time after one year from the date of the rendition of the final judgment.

The complaint should also show the diligence used by the applicant to discover the offered evidence, prior to the trial of the cause and the time when such evidence was discovered. *Keisling* v. *Readle*, 1 Ind. App. 240 ; *Chicago, etc., R. R. Co.* v. *McKeehan*, 5 Ind. App. 124 ; *Hines* v. *Driver, supra; Allen* v. *Bond, Trustee*, 112 Ind. 523 ; *Ward* v. *Voris*, 117 Ind. 368 ; *Schnurr* v. *Stults*, 119 Ind. 429.

While the statute does not provide that the complaint shall be verified, the nature of the proceeding and necessity for its being made in good faith, and that it appear so in the application itself would seem to require it to be verified. *McDaniel* v. *Graves*, 12 Ind. 465 ; *Cox* v. *Hutchings*, 21 Ind. 219.

It follows, therefore, that in order to state a cause

which will warrant the court in granting a new trial the complaint must show :

1.   The issues in the original action.

2.   The evidence given on the trial of the cause.

3.   The newly discovered evidence, and

4.   The diligence exercised to discover the evidence before the trial.

From these facts it must appear, (1) that the evidence which is alleged to be newly discovered was discovered after the trial; (2) that the party used due diligence to discover it before the trial; (3) that it is material to the issues, going to the merits of the cause and not merely for the purpose of impeaching the character of a witness; (4) that it is not cumulative, and (5) that it is of such a kind and character that it ought or would produce a different result on another trial.   *Rickart* v. *Davis*, 42 Ind. 164.

The judgment in the original action was rendered September 29, 1894, and the complaint for a new trial was filed February 1, 1895, hence the record discloses that the proceedings were opportunely brought after the new evidence was discovered, and within the time designated by the statute.

The exhibits containing the evidence given on the trial, and the affidavit embracing the statement of the party whose evidence is alleged to be newly discovered are properly a part of the complaint, as pleaded.

Applications for a new trial based upon alleged newly discovered evidence are in the nature of extraordinary proceedings, for they attack the correctness of a judgment after trial upon which, it must be assumed, the parties had ample opportunity to present all the facts relative to the matter in controversy.   For that reason the complaint for a new trial must show that the newly discovered evidence is not only original or non-cumula-

tive evidence, but also such facts as will authorize the court in saying that the applicant was diligent in his search for evidence to sustain his part of the issues before the trial. If a litigant is not diligent and vigilant in preparing his case for trial, and by reason thereof he fails to discover and produce at the trial material evidence, his inattention and negligence forever estop him from invoking the aid of the court and getting another opportunity to make the defense of which he did not avail himself. The policy of the law is to reward the diligent, but the sluggard, once having lost his opportunity, shall suffer for his slothfulness.

That the courts look with disfavor upon such applications, and grant them with great reluctance, seems to be well established by the authorities. *Wynne* v. *Newman's Admr.,* 75 Va. 811 (817); *Moore* v. *Philadelphia Bank,* 5 S. & R. 40; *Hobler* v. *Cole,* 49 Cal. 250; *People* v. *Sutton,* 73 Cal. 243; *Wallace* v. *Kunler,* 42 Ga. 462; 4 Minor Inst. 758.

In *Baker* v. *Joseph,* 16 Cal. 173, the court says: "Applications for this cause are regarded with distrust and disfavor. The temptations are so strong to make a favorable showing, after a defeat in an angry and bitter controversy involving considerable interest, and the circumstance that testimony has just been discovered, when it is too late to introduce it, so suspicious, that courts require the very strictest showing to be made of diligence, and all other facts necessary to give effect to the claim.

"The law treats with disfavor all attempts to re-open causes upon the ground of newly discovered evidence, and never permits it to be done except upon a clear and unequivocal showing that the applicant was diligent in his efforts to procure the evidence for the first trial. It

will be presumed that the litigant could have discovered the evidence in due time by the use of proper means, and this presumption can only be rebutted by a satisfactory showing to the contrary, particularly stating the means employed." *Chicago, etc., R. R. Co.* v. *McKeehan, supra.*

In *Hines* v. *Driver, supra,* at page 321, it is said: "The law favors the diligent and punishes the sluggards. Its policy is to compel parties to be ready for trial and to try their causes at the time appointed, and to so try them as that all the evidence they can procure shall be introduced and the litigation finally terminated. A party who seeks to re-open the litigation on the ground that he has discovered new evidence must, for the reasons stated, be prepared to establish every essential element of such a case strongly, clearly and satisfactorily."

And this court in the case of *Keisling* v. *Readle, supra,* says: "The strong presumption is that by proper effort the party might have discovered the evidence and used it on the trial, and that his not having done so is owing either to intentional omission or to unpardonable neglect. To rebut this presumption he must make out a case free from delinquency. His excuse must be so broad as to dissipate all surmise to the contrary. He must show that he was on the alert, but that, notwithstanding, the evidence eluded him."

Counsel for appellants insist that the application or complaint clearly shows that the appellants were diligent in their efforts to ascertain and produce, at the trial, all of the evidence obtainable; that they exercised such diligence, energy and caution in their search for and investigation of the facts and circumstances bearing on and surrounding the matters in controversy as a reasonable, prudent person would have exercised.

If, as appellants insist, the facts alleged show that they were diligent and vigilant, then the presumption that they knew or might have known of the evidence before the trial of the cause, is overcome.   So, when the facts constituting the diligence used are alleged, it becomes a question for the court to determine whether or not they show such a degree of diligence prior to the trial, in seeking for the evidence, as would entitle them to a new trial on account of such newly discovered evidence.   *Keisling* v. *Readle, supra; Allen* v. *Bond, Tr., supra.*

The facts alleged in the complaint before us  show that the defense relied upon at the trial was a settlement alleged to have been had between one of the appellants and the appellee in September, 1893, at the drug store of one James M. Campbell, the person whose evidence it is averred is newly discovered.   The diligence shown is in substance that while it was known to appellants that Campbell was in the store at the time the alleged settlement was made, they did not know that he heard the conversation which was being held with the appellee ;  that the appellant Ziba P. East, who had the settlement with appellee, was at the time of the making of such settlement "very much interested therein and did not know of the close presence of said Campbell; he did not know nor did he think that said Campbell was close enough to said parties at the time of said conversation for said witness to have heard said conversation ;  that his back was to said witness and when the conversation was finished they went out of said store, and did not notice where said witness was; that the last time he saw said witness he was more than thirty feet from said parties, nor did he know said witness had moved up closer to said parties ;  that each of said plaintiffs before said trial used the diligence to

East *et al. v.* McKee.

procure said testimony at said trial as follows, to-wit : That said Ziba P. called upon his co-plaintiff herein and they went over every transaction about this mentioned suit and questioned each other as to who knew anything about said matter and went over said matter in detail and only learned such facts and such witnesses as are shown by the evidence filed herewith ; that afterwards, and before said trial, the said Ziba P. and the wife of said co-plaintiff went through all the papers of her husband for the purpose of ascertaining any facts about said matter; that Ziba P. and his wife went through all his papers and books, which they then had, for the purpose of ascertaining any facts about said matter and found that most of the books and papers bearing on business transactions covering the date of the matter in controversy had been destroyed by the fire mentioned in the testimony of Ziba P. East, filed herewith. He then wrote to, and afterwards went to Indianapolis to see, Thomas J. East, the person from whom said McKee received one of the notes sued on ; that they went over the whole transaction of said matter. He went to see Ira Abrams the person who executed the $700.00 mortgage notes which McKee held as collateral security and questioned him closely in regard to said matter in controversy ; he then went to see Mr. Cruger, the party who assumed the payment of the above notes of Abrams, and who paid $100.00 to McKee, and questioned him concerning said matter in controversy ; he called upon Mr. James E. Bull, of the Commercial Bank, of Worthington, and questioned him concerning said matter ; that said East had often deposited notes as collateral security with said Bull ; he also went to see Frank Mitchell, a business man of Worthington, who was formerly in business with plaintiff, and questioned him concerning said matter in controversy ; that

said Ziba P. questioned and talked with many citizens of said town of Worthington and upon the corners of the streets, and in many stores in said town; that said parties questioned each and every person whom they or either of them knew as having any connection with the matter in controversy, or who knew to their knowledge any facts connected with said transactions; that they nor either of them knew that said Campbell had any knowledge of the facts to which he will testify until after said trial, and that they nor either of them could discover before said trial, nor during the term at which said cause was tried, the said testimony of said James M. Campbell."

The affidavit of James M. Campbell shows that he and the appellant Ziba P. East were in the former's store talking when the appellee came in and he and East began talking; that he overheard their conversation, they being but about ten feet distant from where he was.

The material fact which the appellants sought to establish as a defense to the appellee's cause of action was that a settlement had taken place, and this settlement, if one was made, was made in the drug store of James M. Campbell and at a time when it was known that he was in the store, and not far distant from the parties making it. Who, but Campbell, outside of the parties themselves, could know of the settlement if one took place? He was the only person, other than the parties, who was in a position to hear and know what was taking place. Of him, first of all would a diligent person have made inquiry to ascertain what, if anything, he had heard of what took place between the parties, and yet the complaint nowhere discloses that any inquiry was ever made of him until nearly two months after the trial. It appears that the appellants

failed to make inquiry of the only person who would probably know the facts, although they knew of his presence and that he was the only person who could possibly have overheard what took place. Such a showing is conclusive against the appellants that they failed to search for evidence where, in the very nature of things, it was most likely to be discovered. The appellants are not excused simply by showing that they did not know that Campbell had heard what took place; that he was thirty feet away from the parties; that appellant Ziba P. East's back was toward Campbell, and that he, East, was very much interested in the settlement which was taking place, and did not observe or know that Campbell had approached near enough to hear what was being said. If he was in a position so that he could not see whether Campbell was near enough to hear, and in fact did hear what was taking place, common vigilance would have led him to go to see Campbell and make sure that he was not in a position to, and did not, hear the conversation between him and appellee.

Diligence in the search of evidence means more than simply the act of making inquiry of those with whom we come in contact, as to what they may know with reference to the matter in controversy, it means thorough and untiring search in the immediate vicinity of the place where the occurrence took place, and inquiry of those who were known or by reasonable search could be found, who were present or in a position where they might have known the facts.

There are several cases decided by our own court where as great, if not a greater, degree of diligence was shown than is shown here, and yet the court refused to grant a new trial on account of new evidence discovered. *Keisling* v. *Readle, supra; Chicago, etc., R. R.*

*Co.* v. *McKeehan, supra; Test* v. *Larsh,* 100 Ind. 562; *Pemberton* v. *Johnson,* 113 Ind. 538.

Having arrived at the conclusion that the facts alleged fail to show due diligence on the part of the appellants to discover the evidence which they seek to produce as newly discovered, it is unnecessary to consider or decide whether or not the offered evidence is cumulative.

The court below did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

