STATE OF IOWA, v. CHAS. E. WATERS, Appellant.

132   481
140   200

**Rape:** CORROBORATIVE EVIDENCE. Where the corroborating .evidence, on a prosecution for rape tends to single out and identify the defendant as the perpetrator of the crime it is within the contemplation of the statute and its sufficiency is for the jury. Evidence of corroboration held sufficient to support conviction.

*Appeal from Cass District Court.*— HON. W. R. GREEN, Judge.

TUESDAY, DECEMBER 11, 1906.

THE defendant appeals from a judgment convicting him of rape.

*Follett & Curtis,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

LADD, J.— The accused was convicted of having had sexual intercourse with his cousin, Bernice Sewell, a girl but little over fourteen years of age, under a statute declaring it rape so to do with a female under the age of fifteen years. She testified that in the latter part of February, 1905, the accused, who was sleeping in an adjoining room, came to her bed where the act occurred, and that this happened repeatedly thereafter, the last time in June following. All of this was explicitly denied by the accused.

That the prosecutrix had intercourse with some one is fully established by the evidence, and the point most relied upon for a reversal is the alleged insufficiency of the corroborating evidence. If this tended to identify and single out defendant as the perpetrator of the crime, it was of that character contemplated by the statute, and its sufficiency would be for the determination of the jury. *State v. Baker,* 106 Iowa, 99; *State v. Norris,* 122 Iowa, 155; *State v. Smith,* 124 Iowa, 324.

The girl resided with her father and mother, who had nine children besides, and lived in a two-story house, extending east and west, with a wing to the south. The stairway to the second story was on the west side of the wing and to a landing which was part of the south room. From this room a door opened into the west room of the main part and another into the east room thereof, so that one going upstairs necessarily entered the south room, as a person would also in passing from one room to the other in the main part. Three of her brothers, aged twenty-one, nineteen, and eighteen years, respectively, slept in the west room. During February and March Bernice, with a sister seven years of age, slept in the south room, and her sister, two years older, with another little girl in the east room. In April the bed of Bernice was moved to the east room, where she slept thereafter. The defendant, who was twenty-seven years of age, had been a frequent visitor at the Sewell home for several years, eating with the family when there, and frequently staying several days at a time. Mrs. Sewell testified that he paid much attention to Bernice; that they were together so much that she called her away several times and cautioned her to be more careful. Two of the boys testified that they appeared to be " stuck on one another "; that they were often in the sitting room and kitchen-together late at night, were " always scuffling around and talking," and that they had heard defendant talking with prosecutrix in her room after all the rest had gone to bed. And another boy testified that he had

seen him in her room; that they would be " sitting very close together, cuddling up "; that they frequently left her and defendant downstairs together when they went to bed. At about eleven o'clock one evening in May Mrs. Sewell, who slept downstairs, woke her husband with a statement that Bernice had not retired. He opened the stairway door and observed the defendant and Bernice sitting close together on the banister at the head of the stairway and both ran when the door opened. The prosecutrix received attentions from no one else during this period. While one party worked there several days, no intimacy on her part with him was shown. The defendant denied showing her any special attention, but the jury might have found otherwise. If he paid special attention to her, indicating his preference for her company, was with her frequently alone, stopped while passing through her room to converse with her at a late hour at night, and was with her as related by her father, these were circumstances tending to point him out as the person with whom she had been unduly intimate, and the sufficiency of such evidence was for the jury to pass upon.

II. Appellant complains that the fourth instruction assumes there was evidence that " the defendant was in the sleeping room of the prosecuting witness at a late hour of night," and when there was no such evidence. What has already been said indicates appellant's mistake in this. The prosecuting witness was very reticent in giving her testimony, and questions somewhat leading in character were permitted. This was not error. The fact that the defendant was cousin of the prosecutrix and would be allowed some liberties at her home, and that several persons were upstairs at the time of the alleged transaction were matters for the consideration of the jury, but, in view of all the facts, together with the showing of non-access of others, we think the issue of guilt fairly for its determination. We have examined the record with care and discover no error.— *Affirmed.*