## POER v. JOHNSON.

[No. 7,324. Filed November 2, 1911.]

1. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 597.

2. ACCORD AND SATISFACTION.—*Plea of.—Failure to Object to Evidence of.—Notes.*—In an action on a note, accord and satisfaction constitutes an affirmative defense that should be answered specially; but a failure to object to evidence thereof, is a waiver of such special plea. p. 598.

3. NEW TRIAL.—*Newly-Discovered Evidence.—Cumulative.—Diligence.*—A new trial on the ground of newly-discovered evidence will not be granted, where such evidence would be merely cumulative, or where the only diligence shown to secure such evidence before the trial was to make a general and indefinite inquiry of a witness as to whether he knew anything about the case, to which the witness answered that he knew nothing. p. 598.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Chauncey K. Poer against Joseph S. Johnson. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Megee & Kiplinger,* for appellant.

*Watson, Tilsworth & Green,* for appellee.

IBACH, J.—Action by appellant on two promissory notes, of the aggregate amount of $500, executed by appellee. Answer in three paragraphs. The first was a general denial, the second, a plea of payment, and the third set up the discharge of appellee in bankruptcy, and that appellant filed the notes as claims and received his distributive share of the proceeds of the bankrupt estate, amounting to $20.50. A reply admits the truth of the third paragraph of answer, and alleges that the debt was revived by a new promise after discharge in bankruptcy. Trial by jury resulted in a judgment for appellee.

The principal question presented by this appeal is whether the verdict is supported by the evidence. The testimony to the effect that appellee promised to pay appellant the notes is largely controverted. Another conflict in the evidence is whether the notes were fully paid in a horse trade between the parties. Appellee traded a team of draft mares to appellant for a team of mules of less value. Appellant testified that the difference in the value of the teams was to be counted as $165, and applied as a part payment on the notes in suit, and that the remainder of the amount of the notes is due to him. Appellee testified that appellant wanted him to let the difference go on the notes, but that he refused, and told appellant—using his own words—"We would trade if they [appellant and his brother] would count the notes paid, give the mares and mules, and count the deal squared," and that appellant and his brother "hated to do it, but said they would." The evidence of each is supported by other witnesses. Thus there is evidence fairly supporting the verdict, for the jury might have found for appellee, either on the theory that he never made a new promise to pay the notes, or on the theory that the notes were fully satisfied in the horse trade. Appellate

courts will not weigh evidence, and where the question is, as here, on the weight of conflicting testimony, the verdict of the jury will not be disturbed.

Appellant claims that the evidence for the defense shows, if anything, accord and satisfaction of the notes, not

2.   payment, and that as accord and satisfaction was not specially pleaded, such evidence would not support a finding for appellee under the issues in the case.

The general rule is that the defense of accord and satisfaction, to be admissible, must be specially pleaded, and that evidence showing such is not admissible under a plea of payment. But in this case, appellant allowed the evidence that he claims shows accord and satisfaction to go in without objection of any kind. By the weight of authority, any failure of defendant to plead accord and satisfaction specially is waived by plaintiff's failure to object to the evidence of it on that ground. 1 Cyc. 341, and cases cited; *Berdell* v. *Bissell* (1882), 6 Colo. 162; *Freiermuth* v. *McKee* (1900), 86 Mo. App. 64.

Appellant also assigns the discovery of new evidence, as a reason for new trial. No error was committed in refusing to grant a new trial for this reason, for the affidavit

3.   shows that the evidence would be only cumulative, and also shows that appellant did not use reasonable diligence to discover the new evidence. It appears in the affidavit that before the trial appellant asked the new witness, who was his brother, whether he knew anything relating to the cause, and the witness responded that he knew nothing, for the reason, as he alleges in his affidavit, that he believed that the testimony, which he is now ready to give, was not competent or material. This affidavit shows a lack of diligence, for the inquiry made by appellant before the trial appears to have been general and indefinite, and not such as a reasonably prudent man would make under the circumstances. *Cheek* v. *State* (1898), 171 Ind. 98; *Williams* v.

*State* (1908), 170 Ind. 630; *Donahue* v. *State* (1905), 165 Ind. 148.

No error appearing in the action of the trial court, the judgment is affirmed.