## Ross *v.* State.[*]

## (*Knoxville.* September Term, 1914.)

1. CRIMINAL LAW. Trial. Continuance.

The trial judge has a large discretion in the matter of granting continuances, and his ruling will not be disturbed unless an abuse appears. (*Post, p.* 390.)

Cases cited and approved: Todd v. Wiley, 22 Tenn., 576; Womack v. State, 74 Tenn., 152.

2. RAPE. Statutory rape. Evidence. Admissibility.

Evidence showing lewd conduct and language on the part of a prosecutrix after the date of her alleged seduction is not admissible in defense of a prosecution for having unlawful intercourse with a girl under the age of consent. (*Post, pp.* 390-394.)

Cases cited and approved: Tabler v. Connor, 60 Tenn., 195; Hamm v. Romine, 98 Ind., 77; Anderson v. Hathaway, 130 Ind., 528; Keisling v. Readle, 1 Ind. App., 240; Hoban v. Sanford & Stillman Co., 64 N. J. Law, 426; Poer v. Johnson, 48 Ind. App., 596; Beach v. Schroeder, 47 Colo., 312; Haslet & Stuart v. Pryor, 6 Tenn., 33; Herron v. Allen, 32 S. D., 301; Bertram v. State, 32 Ind. App., 199; Branch v. Klatt, 173 Mich., 31.

3. CRIMINAL LAW. Trial. New Trial. Newly Discovered evidence. Diligence.

Where a new trial is sought on the ground of newly discovered evidence, accused's affidavit must set forth the facts showing reasonable diligence, as, where the diligence used is alleged to have consisted of inquiries, the time, place, and circumstances must be stated. (*Post, pp.* 390-394.)

4. CRIMINAL LAW. Trial. Newly discovered evidence. Affidavit.

Where a new trial is sought on the ground of newly discovered evidence, accused's affidavit should be supported by that of

---

[*]As to evidence of other crimes in prosecution for rape or assault to rape, see notes in 62 L. R. A., 314, 322, 329 and 48 L. R. A. (N. S.), 236.

the new witness showing the materiality of the testimony and that it had not been communicated to accused. (*Post, pp.* 390-394.)

5. **CRIMINAL LAW.** *Trial. New trial. Question of law.*
Whether a party was diligent in seeking evidence so that he may claim new trial on the ground of newly discovered evidence is a question of law for the court which must be determined from the averments of the affidavit. (*Post, pp.* 390-394.)

6. **CRIMINAL LAW.** *Trial. New trial. Newly discovered evidence.*
An accused seeking a new trial on the ground of newly discovered evidence must file an affidavit showing that his counsel had no knowledge of the alleged newly discovered evidence; the knowledge of his counsel being imputable to him. (*Post, pp.* 390-394.)

7. **RAPE.** *Statutory rape. Evidence. Admissibility.*
In a prosecution for having unlawful intercourse with a girl under age of consent, the relations of the parties and their opportunities for meeting may be shown to corroborate the prosecutrix. (*Post, pp.* 394-396.)
Cases cited and approved: People v. Abbott, 97 Mich., 484; State v. Waters, 132 Iowa, 481; Jamison v. State, 117 Tenn., 58.

8. **RAPE.** *Statutory rape. Evidence. Admissibility.*
In a prosecution for having unlawful intercourse with a girl under the age of consent, evidence that accused was seen paying special attention to the female, conversing with her privately while passing through her room at night, and that they were seen sitting close together alone, is admissible. (*Post, pp.* 394-396.)

9. **CRIMINAL LAW.** *Evidence of other offenses. Admissibility.*
Where accused was charged with having sexual intercourse with a girl under the age of consent, evidence of subsequent acts of intercourse is admissible in confirmation. (*Post, pp.* 394-396.)

10. **RAPE.** *Statutory rape. Evidence. Admissibility.*
In a prosecution for having intercourse with a girl under the age of consent, where the girl gave birth to a child, the fact that the child had red hair like accused warrants the presump-

tion that accused was its .father, in the absence of evidence showing red hair among the girl's kindred, or that any man hav-ing red hair had access to her. (*Post, pp.* 394-396.)

11. **RAPE.** **Evidence.** **Admissibility.**
In a prosecution for having unlawful intercourse with a girl under the age of consent evidence *held* sufficient to justify a conviction. (*Post, pp.* 394-396.)

FROM GREENE.

Appeal from the Circuit Court of Greene County.— DANA HARMON, Judge.

SUSONG & BIDDLE, for appellant.

WM. H. SWIGGART, JR., assistant attorney-general, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Plaintiff in error was indicted in the circuit court of Greene county for having unlawful carnal knowledge of one Mackie Burnett, a girl under the age of consent. He was convicted, and sentenced to a term of four years in the state penitentiary. From this judgment he has appealed and assigned three errors: First, that the trial judge erred in refusing to continue the cause on an affidavit filed; secondly, because he refused to grant a new trial for newly discovered evidence;

thirdly, that the evidence preponderates against the verdict.

1. As to the refusal of the trial judge to continue the case: The rule which has long been in force in this State is that in the matter of continuance the trial judge has a large discretion, and this court will not interfere with his ruling in such a matter unless it clearly appears that he has abused that discretion. *Todd* v. *Wiley,* 3 Humph. (22 Tenn.), 576, 577; *Womack* v. *State,* 6 Lea (74 Tenn.), 152. There was no such abuse in the present case. Our reasons were fully stated in an oral opinion, analyzing the affidavit, and they need not be repeated here.

2. The refusal of the trial judge to grant a new trial because of newly discovered evidence: the affidavit contains the following averments:

That after the finding of the indictment, and before the trial, "in so far as he was able he went into the community where Mackie Burnett lived, and investigated the question of her character and age. He found out everything at this time he possibly could, both in the community where Mackie Burnett lived and elsewhere. That those knowing anything about it would not talk to him before the trial of the case, so that he was not able to find out much about Mackie Burnett, except that he was informed that W. H. Brown knew something detrimental to her character, and this witness he had subpœna issued for, and placed in the hands of an officer for service, but the officer was unable to find him, as he was in hiding and trying to

avoid service. That affiant used all diligence in finding out and obtaining testimony in his behalf in so far as he was able to do so. That after the trial of the case, information came to him that certain persons knew facts material to his side of the case, and he immediately sent parties to see these witnesses, as affiant was in jail at this time. He therefore procured affidavits which were taken on the motion for a new trial. That these parties would not talk until after they thought the trial was over and they would not be used as witnesses. In such a case as this with which he is charged it is almost impossible to secure testimony from persons who know anything detrimental or derogatory to the character of Mackie Burnett. Most of the witnesses lived in the community where Mackie Burnett lived and were friends of hers or of her family. Under the circumstances, it was impossible to obtain the testimony of the witnesses whose affidavits were taken and oral testimony given on the motion for new trial, at the time the trial took place. Affiant did not know what these witnesses knew until after the trial, and then used every reasonable effort to obtain their affidavits and oral testimony.''

Affidavits of several persons were introduced showing lewd conduct and language on the part of Mackie Burnett, in the summer and fall of 1912. This evidence, however, could not avail plaintiff in error, because it appears he had seduced her in the previous January.

Other affidavits were filed stating and tending to show that in January, 1912, the date of the seduction,

Mackie Burnett was twenty-two or twenty-three years old, and therefore not under the legal age of consent, which in this State is twenty-one years.

This evidence was material and important, but was not available to plaintiff in error because of defects in his affidavit and in the affidavits of the proposed witnesses.

The prisoner's affidavit must show reasonable diligence; that is, ordinary diligence to obtain the evidence before trial. *Tabler* v. *Connor,* 60 Tenn. (1 Baxt.), 195, 197. A mere averment of due diligence is not sufficient; the facts constituting diligence must appear. *Hamm* v. *Romine,* 98 Ind., 77; *Anderson* v. *Hathaway,* 130 Ind., 528, 30 N. E., 638. The facts constituting diligence must be specifically set out. *Keisling* v. *Readle,* 1 Ind. App., 240, 27 N. E., 583. Where the diligence used is alleged to have consisted of inquiries, the time, and place, and circumstances must be stated. Id. Mere general statements that affiant inquired among persons likely to know are not sufficient; the particulars must be shown. *Hoban* v. *Sandford & Stillman Co.,* 64 N. J. Law, 426, 45 Atl., 819. It must appear that such inquiries were made as were likely to elicit the information desired, and not mere general inquiries. *Poer* v. *Johnson,* 48 Ind. App., 596, 96 N. E., 189. Such facts must be stated as make it clear that the failure to produce the evidence was not through the fault or want of diligence of the party applying for the new trial. *Beach* v. *Schroeder,* 47 Colo., 312, 107 Pac., 271. The reason is that the

trial judge and the court of review cannot form an opinion as to whether the party was diligent without facts on which to base judgment. It is a question of law whether a given state of facts show diligence or negligence. Mere general statements that the affiant exercised due diligence constitute attempted substitutions of the affiant's conclusion of law for that of the court.

The affidavit of plaintiff in error contains several broad statements, but is wholly wanting in the particulars required.

Again, it must appear, not alone from the party's statement, that he had no knowledge or notice of the evidence before or during the trial, but the fact must be otherwise shown. *Haslet & Stuart* v. *Pryor,* 6 Tenn., (5 Hayw.), 33, 36. "His single affidavit of a recent discovery," said the court in that case, "should not be received, unless accompanied by the testimony of others to show what can now be proved, which must be material, and also to show that it was not discovered in time to be used on the trial. It is of dangerous consequence to receive the affidavit of the party, uncorroborated either as to the recency of the discovery or the materiality of the testimony." Ib. 36. Obviously, the affidavit of the proposed new witness should not only be sufficiently definite to show the materiality of the evidence, but also should state that these facts had not been communicated to the party before or during the trial. The affidavits of the proposed witnesses in the case before us contain no such averments,

nor is there any corroboration of plaintiff in error's statements that he was without prior knowledge.

It should also be made to appear that the party's attorney, or attorneys, if more than one, had no notice of the alleged new facts. There is nothing in the case before us to show the absence of knowledge on the part of plaintiff in error's attorneys. Of course, if even one of his attorneys had knowledge of the facts, this would be notice to plaintiff in error. *Herron* v. *Allen*, 32 S. D., 301, 143 N. W., 283, 47 L. R. A. (N. S.), 1048.

On the several grounds stated, we think the trial judge properly refused the motion for a new trial on the alleged existence of newly discovered evidence.

We may add that applications of this kind are not looked on with favor, but on the contrary, rather with distrust. *Bertram* v. *State*, 32 Ind. App., 199, 69 N. E., 479; *Branch* v. *Klatt*, 173 Mich., 31, 138 N. W., 263. The chief reason is the great temptation to perjury, and the subornation of perjury, prompted by a desire to strengthen the weak points in the case discovered during the progress of a trial. It is believed that a strict adherence to these rules will be highly conducive to a pure and efficient administration of justice.

The evidence does not preponderate against the verdict. Mackie Burnett testified to the offense, and there is no evidence to the contrary. However, the statute provides that no conviction shall be had "on the unsupported testimony of the female in question," and plaintiff in error insists there is no corroborative evi-

dence. We think there is. There is quite an extensive correspondence between the parties copied into the record. The tenor of this correspondence is such as to show that both were ready for wrongdoing; it does not violate any of the decencies of expression, but it is vibrant with sexual emotion. It is also shown that they were frequently together. On the trial for an indictment for rape, it has been held that the relations of the parties and their opportunities for meeting may be shown in corroboration. *People* v. *Abbott,* 97 Mich., 484, 56 N. W., 862, 37 Am. St. Rep., 360. Also, that the accused was seen paying special attention to the female conversing with her privately while passing through her room at night, and that on one occasion they were seen sitting close together alone on some banisters. *State* v. *Waters,* 132 Iowa, 481, 109 N. W., 1013.

Subsequent acts of intercourse are also confirmatory. *Jamison* v. *State,* 117 Tenn., 58, 94 S. W., 675. In the case before us, Mackie Burnett testified that after the first act of intercourse in January, 1912, there were frequent subsequent acts, and that in October there was an act which resulted in conception and in the birth of a child, and that the child had red hair like that of the plaintiff in error. It is not shown that any other man possessing red hair had access to the female. The color of the child's hair may, to be sure, have been an instance of atavism; but, in the absence of any evidence of any such person among the ancestors or forbears of the female, we may indulge in the natural presumption that the child obtained the color

of its hair from its immediate ancestor.   The plaintiff in error did not testify in the case.

We think the corroboration was sufficient.   The judgment must be affirmed.