SNYDER BROS., GENERAL AGENCY, v. MORGAN et al.—141 S. W. (2d) 508.

Eastern Section. February 10, 1940.

Petition for Certiorari Denied by Supreme Court May 5, 1940.

Henry Hudson and Ronald Hail, both of Knoxville, for appellants.
Joel H. Anderson, of Knoxville, for appellee.

PORTRUM, J. The style of the case in this court should have been reversed, for Joel H. Anderson represents the successful complainant below. He instituted this suit upon a proven account from another state in the sum of $1,024.65 for the purpose of enforcing the liability of the defendants M. W. Morgan and J. L. Morgan as sureties upon the bond which was executed in the sum of $1,000 guaranteeing the payment of said account. And against the defendant Issie Morgan, principal in the bond, for insurance commission she had collected as the local agent of the American Central Insurance Company, her contract being made with and through the General Insurance agent, Snyder Brothers, General Agency, a corporation with its principal office in Louisville, Kentucky. The caption of the bill states that Snyder Brothers, General Agency, is a corporation domesticated and doing business in the State of Tennessee. The answer of the local agent says: "She admits the averments contained in paragraph 1 of the original bill with reference to the name, nature, and situs of complainant and its business . . ." And the sureties' answer says: "They have been informed and believe it to be true that the name, nature, and situs of the complainant and its business is as stated in section 1 of the bill . . ."

In view of these admissions it was not necessary for the complainant to prove that it was a domesticated foreign corporation and it did not do so.

Proof was taken and the cause heard and a decree entered on June 17, 1939, granting a judgment in favor of the complainant for the sum of $874.65, against principal and surety upon the bond, securing the open account. On July 14, 1939, the defendant filed a petition for a rehearing, alleging that the judgment was rendered upon the supposition that the complainant was domesticated in the State of Tennessee as stated in the original bill. And that "Your petitioners, the defendants in this suit, have discovered since the hearing of this cause that the complainant, Snyder Brothers, General Agency, has never complied with sections 4118 and 4119 of the Code of 1932, or of any other of the statutory requirements relative to the domestication of foreign corporations in this state. Your petitioners are informed and believe that the complainant, Snyder Brothers, General Agency, has never complied with any of the statutory requirements for the domestication of foreign corporations, but your petitioner did not discover this fact until after the decree had been entered in this cause." The petition concludes with the

following prayer: "Your petitioners therefore pray that your Honor will grant a rehearing of this cause, to the end that said degree may be reversed and set aside, (1) insofar as it decrees that Snyder Brothers General Agency, have and recover from Issie Morgan the sum of $1,000, (2) insofar as it decrees that Snyder Brothers, General Agency, have and recover from M. W. Morgan and J. L. Morgan the sum of $874.55, (3) insofar that it adjudges the cost of the suit against your petitioners."

The petition was sworn to by counsel representing the petitioners. The Chancellor reheard the matter upon the record then before him and denied and overruled the petition to rehear. An appeal was prayed to this court and time taken to file a bill of exception, but it was never filed. The defendants perfected the appeal by giving bond and substituting other counsel, who have assigned error upon the technical record.

The substance of the assignments of error is that Chancellor should have granted a rehearing, should have remanded the cause to the rules for the taking of additional proof to establish the fact that the complainant was not a domesticated foreign corporation, and, perhaps, have permitted an amendment to the answer striking out the admission that the complainant was a domesticated corporation. And to have later reheard the case for the purpose of determining the issue of the domestication of the foreign corporation.

It is insisted that since the petition to rehear is sworn to, it should be treated both as a pleading and as proof, and when treated as proof it appears from the record that the complainant is not a domesticated corporation. And especially should it be held so since the pleading was not answered. The office of a petition to rehear is to call attention to the Chancellor of matters of fact and law overlooked by him which are controlling in the determination of the case, and it requires no formal answer as a plea. The petition states that the defendants have discovered since the hearing of the cause that the complainant had not complied with the law; that the petitioners are so informed and believe. They do not state who gave them this information or what information they had in reference to the matter. Such allegations constitute only a pleading raising an issue, and even if sworn to have no probative value, it being necessary to give the allegations probative value to state the facts as upon the affiant's knowledge.

The prayer of the petition does not ask that the case be remanded to the rules for the taking of newly discovered evidence, but such would have been necessary if the record was silent upon the issue, because of the allegations of the newly discovered evidence. However, this court cannot review the record and determine if it were silent upon this issue since it was not preserved by a bill of exception, the evidence being oral. We can only infer from the

allegation of the petition to rehear that the evidence was newly discovered and from the admission in the answer that the company was domesticated that there was no evidence in the record touching upon this issue. The appellee insists that the court has no authority to draw this inference in the absence of a bill of exceptions and to do so amounts to a rehearing of the cause upon the pleadings and in the absence of proof. That under the state of the record the legal presumption is, if the petition to rehear sets up a good and valid defense, the evidence then in the record did not support the defense. The only answer to this argument advanced is that the petition to rehear being sworn to is to be treated as evidence, and it being made to appear that the complainant has not complied with the law, it should be repelled as a matter of public policy, or at any rate the case should be remanded to develop the issue upon additional proof. Assuming this position to be correct, and the sworn petition to carry some weight as sworn allegations requiring a denial, then the matter is one addressed to the sound discretion of the Chancellor. For otherwise suit instituted by foreign corporation could be unduly delayed by a retrial, and the taking of additional proof, upon issues that should have been originally submitted and in the end the defendants may be unsuccessful, gaining only in delay.

Unless this issue should be given preferred treatment by the courts, then the application to produce newly discovered evidence does not comply with the established rule. No reason is shown why this issue was at first admitted and later discovered nearly thirty days after the disposition of the case by the Chancellor. The evidence could have been discovered at the outset because it is a matter of public record, and it could have been shown at the hearing of the motion to rehear by the certificate or affidavit of the public officer in charge of the record. But this proof was left to be established at a later hearing under an allegation made upon information and belief. This court has no assurance from the record before it that the proof can be made. The defendants did not use due diligence and they did not exhibit available proof that would incontrovertibly establish the allegation but relied upon certain undisclosed information and their belief in its truthfulness. They are not entitled to reopen the case for the production of newly discovered evidence under the rule as stated in Ross v. State, 130 Tenn., 387, 392, 170 S. W., 1026, unless, as stated, this particular issue is a favorite issue with the court. We are cited to no authority giving it a preferred status.

It is the rule that where is appears from the evidence in the cause that the complainant or plaintiff has failed to comply with the law authorizing it to do business in the state that it may be repelled in the absence of pleadings raising the question, upon the court's own motion and it is not necessary that the question be raised

in a motion for a new trial or even an assignment of error. Reaves Lumber Co. v. Cain-Hurley Lumber Co., 152 Tenn., 339, 279 S. W., 257; Cummins v. McCoy, 22 Tenn. App., 681, 125 S. W. (2d), 509. But it must so appear in the proof, and the burden of proof is upon the defendants to establish the fact for the presumption is that every person complies with the law. It is not enough that the question is raised by the defendant in his pleading, for if this were the rule it would shift the burden of proof.

 The rule is that a party complainant is repelled because he seeks affirmative relief from the court, and the defendant being an unwilling party to the action is not repelled because of illegal conduct, he is required to remain before the court and answer for his conduct. In this case the complainant has obtained its relief upon a clear record; the defendant has now assumed the position of asking for affirmative relief, and it was within the discretion of the Chancellor to grant this relief, but before granting this affirmative relief he had the right to require of the petitioner that she do equity, and since the defendant retains money which she has collected as the agent of another and which she cannot morally and justly claim, she cannot complain if the Chancellor requires her to do equity before seeking equity at the hands of the court. This is the view taken by the Chancellor in the exercise of his discretion, and the court is unable to say that this is an abuse of his discretion. The defendants had an opportunity to develop the case, and failing to do so they have no absolute right to have the case reopened, remanded to the rules for additional proof, and a retrial. This is a matter within the discretion of the Chancellor even though the defendants advanced a prima facie defense.

In the case of Bouldin v. Taylor, 152 Tenn., 97, 139, 275 S. W., 340, the court held it was abuse of the Chancellor's discretion to suppress depositions without the right to retake, because not taken upon notice when the depositions establish the fact that the plaintiff was doing business without complying with the law. The case was remanded for other purposes and the right given to retake these depositions. That case did not involve the negligence of the defendants in advancing the defense and established available proof for establishing the defense. The only negligence shown was the failure to give the formal notice before taking the depositions and this was but a naked legal right relied upon by the exceptant.

The court is of opinion that the decree of the Chancellor should be affirmed and it is so ordered with costs.

McAmis and Ailor, JJ., concur.