ARMOUR AND COMPANY v. ANDERSON.

[No. 17,019. Filed December 2, 1943. Rehearing denied February 21, 1944.]

486

*Marcus Whiting,* of Chicago, Illinois, *C. C. Campbell,* of Rochester, and *George C. Forrey III* and *White, Wright & Boleman,* all of Indianapolis, for appellant.

*E. B. DeVault,* of Kewanna, and *Brown & Brown,* of Rochester, for appellee.

DOWELL, J.—This was an action brought by William T. Anderson against Armour and Company for alleged breach of a written contract dated December 2, 1929, whereby Anderson was employed by appellant to buy cream at its station in Kewanna, Indiana. After the

trial of the case and pending the decision on the motion for a new trial Anderson died and his administratrix was substituted in his place.

It was contended by the plaintiff below, appellee here, that a written contract was entered into on December 2, 1929, between the parties whereby appellee was employed to run Armour's cream station at Kewanna, Indiana, and was to receive as compensation therefor three cents for each pound of butterfat contained in all hand-separator cream purchased at the station, and whereby appellant was to pay the station rental and one-half of station expenses; that the parties operated under this contract until December 2, 1939, but that appellant did not pay appellee all sums due under the contract. Appellant by its answers set up the general denial, plea of payment, accord and satisfaction, and a further plea that the parties terminated or modified the contract on April 22, 1932. The written contract was for an indefinite period and provided that it could be terminated by either party upon thirty days' written notice.

Trial was by jury resulting in a verdict for appellee in the sum of $1,810.70 with judgment accordingly.

The sole error assigned is the overruling of the motion for a new trial which is in fourteen specifications of which those numbered 5, 6, 10, 11, 12, 13 and 14 must be treated as waived since appellant failed to discuss same in its brief. Those remaining question the sufficiency of the evidence, assail the verdict as contrary to law, as excessive and erroneous, and assert error in the admission of certain evidence.

On December 2, 1929, appellee and appellant entered into a written agreement substantially as hereinabove set out. Appellee pursuant thereto, entered upon his

duties and full performance was had and made by both parties until about the middle of March, 1932, when one of appellant's field men informed appellee that the commission would have to be reduced from three to two and one-half cents per pound of butterfat and that the appellant could assume only one-half of the station rental. On April 4, 1932, appellant wrote appellee a letter informing him that the reduction would become effective April 22, 1932. The testimony shows also that appellant previously, i. e. on March 15, 1932, had written appellee a letter thanking him for having agreed to accept the reduction. Appellee denied having received the letters and did not recall the conversation with the field man. The evidence is undisputed that both letters were written and mailed. Appellee did admit, however, that at different times he had talked with appellant's field operatives, they had said they ought to "come down on butterfat" and that they could not pay three cents commission but insisted that he never understood they were going to reduce it. After April 22, 1932, appellant began paying appellee the sum of two and one-half cents per pound of butterfat and paid only one-half of the station rental. This arrangement continued in effect until sometime in the year 1938, when appellant began paying appellee at the rate of two and eight-tenths cents per pound of butterfat. Appellee accepted appellant's checks in payment until December 2, 1939, without filing a bill or making a claim, or demand, for the difference between what he received and the original contract amount. There is some evidence that appellee complained some five or six years after April 22, 1932, that he should receive the full three cents commission but, nevertheless, he continued to accept appellant's checks until December 2, 1939, at which time he terminated his employ-

ment at the request of the appellant. On January 25, 1940, appellee, through his attorney, made formal demand upon the appellant for certain sums alleged to be due him by reason of the difference between amounts actually paid by appellant and the amounts as they would have been under the original contract of December 2, 1929.

Appellant by its third paragraph of answer pleaded an accord and satisfaction. Appellee insists that the pleading is insufficient and that accord and satisfaction was not an issue in the cause.

In this we disagree with appellee. This question was waived by appellee in the court below by his failure to make timely objection to evidence tending to support the defense of accord and satisfaction and the matter was properly before the trial court. *Poer* v. *Johnson* (1911), 48 Ind. App. 596, 96 N. E. 189.

We can draw only one conclusion from the evidence presented and that is, that appellant clearly intended to make a new agreement with appellee which was to take the place of the old one. The conduct of appellee for a period of more than seven years bespeaks a like intent and an acceptance of the new agreement in the place of the old.

By the weight of authority the facts of the instant case clearly show an executed accord and satisfaction amounting to a novation. *Rhodes* v. *Thomas* (1851), 2 Ind. 639; *Ostrander* v. *Ostrander* (1921), (N. Y.) 199 App. Div. 437, 191 N. Y. S. 470.

Specifications 8 and 9 of the motion for a new trial assert error on the part of the trial court in admitting in evidence unsigned carbon copies of two letters alleged to have been written by appellee in 1938, one to the president of Armour and Company, and the other to a company district manager.

Appellant's objection made at the time was that these were self-serving, immaterial and prejudicial. We are inclined to agree with appellant. The carbon copies, even if otherwise admissible, should have been excluded as immaterial. These were copies of letters alleged to have been written nearly six years after the replacement of the old by the new contract. Even had they shown a formal expression of a desire and intent upon the part of appellee to stand upon the terms of the original contract, which they did not, coming thus late, as they did, they could not be in any manner material to the issue.

In the light of conclusions herein reached we must also hold that the trial court erred in refusing to give appellant's instruction numbered 1, which if given would have directed the jury to find for appellant.

Reversed and remanded with instructions to the court below to sustain appellant's motion for a new trial and for other proceedings not inconsistent herewith.

NOTE.—Reported in 51 N. E. (2d) 496.